## Carn's v. Schiding

*Daniel L. Carn*, for plaintiff.
*Michael J. Brillhart*, for defendant.

SHADLE, J., December 31, 1971.—This is a petition in the alternative by defendant to open or strike off a judgment entered against him by a district justice, a transcript of which was filed in this court. Argument was had before the court.

Plaintiff sued defendant in assumpsit. A hearing was had before the district justice at which defendant presented the defense of accord and satisfaction. The justice took the case under advisement and continued the hearing generally. Thereafter, the justice advised counsel for defendant orally that judgment would be entered in favor of plaintiff. Counsel for defendant requested a delay to investigate the possibility of a further hearing. Plaintiff later filed herein a transcript of the district justice showing that judgment had been entered in favor of plaintiff against defendant on the date of the conversation, and that "Notice of judgment (was) given" on the same date. It is undisputed that no notice in writing of entry of the judgment was given as required by Pennsylvania Rules of Civil Procedure Justices of the Peace 324, and that the only such notice was oral in the conversation referred to.

Under these circumstances, there is no defect in the proceedings which appears on the face of the record to justify an order to strike the judgment. The "notice" of the judgment recited in the transcript is presumed to have been proper notice.

As to the petition to open the judgment to allow defendant to defend, he alleges that he was prepared to offer a further defense on the merits at the hearing before the justice, but was misled into not doing so by the indication of the justice that the defense of accord and satisfaction would be sufficient if verified. Depositions taken by the parties lend some credence to this, in the indication that what should have been a

judicial hearing deteriorated into a free-wheeling discussion of the merits and defenses of the claim. It also appears that while the case was under advisement, the justice learned from extraneous sources that the check on which defendant based his defense had been altered in form, which was the basis on which the defense was rejected. On the issue of opening the judgment, the absence of the required written notice of the entry thereof also becomes relevant on the ability of defendant to file a timely appeal therefrom.

We conclude that the claim never has been properly heard and decided on its merits, and that while defendant himself may have been derelict in not exercising his rights, justice dictates that both parties be given a proper opportunity to be heard if they desire to do so. However, the amount of the claim is only $162.54, and we cannot permit the case to be tried de novo in this court at a cost exceeding the amount sued for. We shall, therefore, enter a hybrid order adapted to the circumstances here involved. Attention of the district justice and both counsel is called to Pa. R. C. P. J. P. 321 regarding the applicability of rules of evidence at hearings, and to the fact that the proceeding before a district justice is a judicial one.

## ORDER

And now, December 31, 1971, defendant's petition to strike the judgment is refused. Defendant's petition to open the judgment is granted, the judgment is opened, and the case is remanded to the district justice for a further hearing and entry of judgment in a manner consistent with this opinion. An exception is noted for plaintiff.